UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  CV 18-2553-KS                                             Date: June 21, 2018

Title    *Erica Gamboa v. Wal-Mart Stores, Inc., et al.*


Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge


| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:


**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPALINT AND ORDER TO REMAND  [Dkt. No. 14]**


I.     **INTRODUCTION**

       Before the Court is Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint and Order Remanding to State Court, filed on May 21, 2018 (the "Motion").  (Dkt. No. 14.)  On May 30, 2018, Defendant Wal-Mart Stores, Inc. filed a Memorandum in Opposition to the Motion.  (Dkt. No. 16.)  Plaintiff filed a Reply in support of the Motion on June 6, 2018.  (Dkt. No. 17.)  On June 20, 2018, the Court heard oral argument on the Motion and took the matter under submission.  (Dkt. No. 19.)

       Having carefully reviewed the parties' briefs and the arguments of counsel at the hearing, for the reasons discussed below, the Court GRANTS Plaintiff's Motion to file a First Amended Complaint and remands this action to the San Diego County Superior Court.

II.    **BACKGROUND**

       Plaintiff Erica Gamboa commenced this action on October 26, 2017 in the San Diego County Superior Court against defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Does 1 through 50 inclusive.  (Dkt. No. 1, Notice of Removal.)  Plaintiff asserted a single cause of against all defendants for Premises Liability/Negligence.  (Complaint at ¶¶ 9-14.)  Plaintiff alleges that she slipped and fell at a Wal-Mart store in November 2015 because defendants allowed liquid to pool on the floor of the property's common areas.  (*Id*. at ¶ 9.)

**CIVIL MINUTES – GENERAL**

Case No.  CV 18-2553-KS                                                              Date: June 21, 2018

Title     *Erica Gamboa v. Wal-Mart Stores, Inc., et al.*

Plaintiff further alleges that she sustained injuries as a result of defendants' failure to maintain safe conditions at the property.  (*Id.*)  Plaintiff seeks to recover general damages and damages for personal injury according to proof at trial; medical and related expenses according to proof at trial; damages for loss of earnings and earning capacity; interest on damages under California Civil Code section 3291; and other relief as the court may deem just and proper.  (*Id.* at ¶ 14.)

On March 29, 2018, Wal-Mart removed this action to this Court on the basis of diversity jurisdiction.  (Dkt. No. 1, Notice of Removal.)  Plaintiff is a resident and citizen of California.  (*Id.* at ¶ 8.)  Wal-Mart is a citizen of Delaware (where it is incorporated) and of Arkansas (where it has its principal place of business).  (*Id.* at ¶ 9, Exs. 4 and 5.)  On April 13, 2018, all parties consented to proceed before United States Magistrate Judge Karen L. Stevenson.  (Dkt. Nos. 6, 8, 9.)

Plaintiff now seeks to amend the Complaint to add a new, non-diverse defendant, Janira Salazar ("Salazar"), along with additional allegations concerning premises liability and negligence.  (Motion at 2.)  Plaintiff alleges that Salazar was the store manager at the Wal-Mart location where Plaintiff was injured.  (*Id.*)

## III.    LEGAL STANDARD

Typically, Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint to add new parties.  Rule 15 provides that leave to amend should be "freely given when justice so requires."  FED. R. CIV. P. 15(a).  The policy "is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The Court may deny leave to amend, however, when the proposed amendment would be futile, if it is sought in bad faith, or when amendment will create undue delay.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992).

Rule 15's permissive standard does not apply, however, when a plaintiff amends her complaint after removal to add a nondiverse defendant.  *Clinco v Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. Feb. 25, 1999) ("the Court agrees with the authority holding that Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction."); *and see Greer v. Lockheed Martin*, No. CV 10-1704 –JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010).  Amendment under these circumstances is analyzed under 28 U.S.C. § 1447(e), such that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would

---

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Section 1447(e) is stated in permissive terms which "clearly gives the district court the discretion to deny joinder."  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

When determining whether to permit joinder under § 1447(e), the court should consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid."  *Clinco,* 41 F. Supp. 2d at 1082.  A court's decision under § 1447(e) is reviewed for abuse of discretion.  *See Newcombe*, 157 F.3d at 691.

## IV.    ANALYSIS

### 1.  Motion for Leave to File a First Amended Complaint

As noted, Plaintiff seeks to add Salazar, who, like Plaintiff, is a citizen of California. Thus, if the Court permits Salazar's joinder in this action, it will destroy diversity jurisdiction. Therefore, the Court analyzes the Motion under § 1447(e).  In determining whether to permit joinder, the Court has considered each of the factors and concludes that they support allowing Plaintiff to add Salazar to this action.

#### a.  Salazar is Needed for Just and Complete Adjudication of the Matter

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief among existing parties, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations.  FED. R. CIV. P. 19(a); *Clinco*, 41 F. Supp. 2d at 1082.  While courts consider the Rule 19 standard when determining whether to permit joinder under § 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. Dec. 19, 2000).  "The standard is met when  failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Id.* at 1012.

Here, Plaintiff argues that her proposed claims against Salazar arise from the same transaction and circumstances that give rise to the negligence claims against Wal-Mart.  Indeed, Plaintiff's proposed amendments would allege that as store manager on the date of Plaintiff's fall, Salazar was the primary person "responsible for the maintenance of the store at the time of Plaintiff's slip and fall, was responsible to verify that there was in place a policy that provided for the maintenance of the store . . . was responsible for training and education of the store employees . . . and was responsible for verifying that the store be maintained according to industry standards and sufficient policies and procedures."  (Motion at 2.)

At oral argument, Plaintiff's counsel argued that Salazar's presence was necessary for discovery, which would seem to suggest that her presence is not essential as a named defendant.  But it is clear from the proposed amended complaint that Salazar's actions and/or omissions are integral to a complete adjudication of the negligence/premises liability causes of action.  According to Plaintiff's counsel, Plaintiff had interaction with Salazar on the day of the incident.  Thus, Salazar is more than tangentially related to the asserted causes of action.  *See IBC Aviation Servs.*, 125 F. Supp. 2d. at 1012.  The Court, therefore, concludes that Salazar's joinder will be necessary for complete adjudication of liability issues, including issues relating to respondeat superior liability.

Accordingly, this factor weighs in favor of granting Plaintiff leave to amend the Complaint.

### b.  Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion."  *Clinco*, 41 F. Supp. 2d at 1083.

In this case, Plaintiff filed the Motion a little more than six months after filing the Complaint in the San Diego County Superior Court and just over a month after Wal-Mart removed the action to federal court.  This delay is not "unreasonable under this circuit's precedents," because the parties have not yet engaged in significant discovery and have not filed dispositive motions.  *See, e.g., Lara v. Bandit Industries, Inc.*, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding that filing five months after initial complaint and three months after removal was not untimely when parties had not filed dispositive motions); *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (granting motion to amend filed

Case No.  CV 18-2553-KS                                           Date: June 21, 2018

Title      *Erica Gamboa v. Wal-Mart Stores, Inc., et al.*

nine months after removal, where "no dispositive motions have been filed"). Further, at the hearing, Plaintiff's counsel stated that although Plaintiff had interactions with Salazar on the date of the accident, he had been unable to confirm Salazar's exact identity until recently.

Consequently, this factor supports allowing Plaintiff to amend.

### c.  Motive for Joinder

Plaintiff contends that she has sound reasons to add Salazar as a defendant and points to the fact that the original Complaint expressly asserted the cause of action for negligence/premises liability against Doe defendants 1 through 50 and indicated that Plaintiff would seek leave to amend to add these defendants' real names when they could be ascertained. (Motion at 2-3.) Defendant argues that Salazar is a "sham" defendant whose fraudulent joinder is sought solely to destroy diversity and her status as a California citizen should be ignored for purposes of determining diversity jurisdiction. (Opposition at 3.)

Courts in this circuit have held that a party asserting fraudulent joinder has a "heavy burden of proving that the joinder of the in-state party was improper" and fraudulent joinder must be established by "clear and convincing evidence." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-AS, 2015 WL 1285287, at \*3 (C.D. Cal. Mar. 19, 2015) (citations omitted). "The Court may look beyond the pleadings to determine a fraudulent joinder claim, . . . but the inquiry should be limited to identifying 'discrete and undisputed facts' that would preclude plaintiff's claim against the non-diverse defendant as a matter of law." (*Id.*)

Wal-Mart has not met its burden to establish a fraudulent joinder claim as to Salazar. Wal-Mart argues that Salazar had "no direct involvement with the incident and no role in creating policies or procedures for Walmart." (Opposition at 3.) But Plaintiff disputes these assertions and has specifically alleged Salazar had personal responsibility as the store manager for the safety conditions at the site and for training other employees in maintaining safe, hazard-free premises. (Motion at 3; Declaration of Alek Zeven In Support of Motion ("Zeven Decl.") ¶ 5; Proposed Amended Complaint ¶ 9.)

At this stage of the litigation, the record is insufficient to persuade the Court that Plaintiff has an improper motive for joining Salazar in this action.

Thus, this factor supports allowing Plaintiff to amend the Complaint.

### d.  Apparent Validity of Plaintiff's Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010).

As noted, Plaintiff seeks to assert negligence/premises liability claims against Salazar as the manager on duty at the time of the accident.  Wal-Mart argues that Plaintiff fails to state any claim against Salazar as an individual defendant because any liability, if proven, would rest entirely with Wal-Mart.  (Opposition at 4.)  Specifically, Wal-Mart asserts that "Ms. Salzar [sic] was not involved in creating policies or procedures for Walmart, and cannot be held liable anyway per applicable law." (*Id.* at 6.)  But this assertion merely establishes a factual dispute to be resolved on the merits.  Further, Wal-Mart argues that Plaintiff cannot establish any liability against Salazar because California Labor Code section 2802 requires an employer to defend and indemnify an employee who is sued by a third party for conduct that occurred in the scope of their employment. (*Id*. at 11, 12-15.)  During oral argument, counsel for Wal-Mart conceded that the indemnity question is not germane to whether liability may be established against Salazar in her individual capacity.

In the briefing and at the hearing, neither party presented evidence that is dispositive on the legal validity, or lack thereof, of Plaintiff's claims against Salazar.  But courts in this circuit have permitted a store manager to be added as a defendant in their individual capacity in a slip and fall premises liability lawsuit similar to the instant action.  *See e.g., Vreeland v. Target Corp.*, No. C-09-5673 MEJ, 2010 WL 545840, at *4 (N.D. Cal. Feb. 11, 2010) (motion to remand slip and fall lawsuit granted under § 1447(e) where the amended complaint named Target store manager, a California resident).  In *Vreeland,* the court reasoned that because a store owner owes a duty to exercise reasonable care in keeping premises reasonably safe and because to establish liability, the plaintiff must prove actual or constructive knowledge of the risk, based on these principles and the allegations of negligence in the plaintiff's amended complaint, "there is not an obvious failure to state a cause of action against [the store manager]."  *Id*. (citations omitted).  The reasoning in *Vreeland* is applicable here, where the same negligence principles are at issue.

Therefore, this factor also favors granting leave to amend.

//

**CIVIL MINUTES – GENERAL**

Case No.  CV 18-2553-KS                                                      Date: June 21, 2018

Title     _Erica Gamboa v. Wal-Mart Stores, Inc., et al._

### e.  Statute of Limitations

Plaintiff argues that the two year statute of limitations applicable to her personal injury action lapsed on November 2, 2017 and Plaintiff would be foreclosed from pursuing an action against Salazar.  (Motion at 6; Zeven Decl. ¶ 6.)  Defendants do not dispute this fact, but simply repeat the argument that Salazar "was not involved in creating policies or procedures for Walmart, and cannot be held liable anyway per applicable law."  (Opposition at 6.)

Therefore, this factor too, weighs in favor of allowing Plaintiff to amend and the Court GRANTS Plaintiff's motion for leave to file a First Amended Complaint.

### f.  Prejudice

In determining whether joinder is appropriate under § 1447(e), some courts also consider the potential prejudice to either party.  _See. e.g., IBC Aviation_, 125 F. Supp. 2d at 1011.  Wal-Mart makes no argument that it will be prejudiced by allowing Plaintiff to amend her Complaint, but does argue that Plaintiff will _not_ be prejudiced by denial of joinder because "Walmart, not Ms. Salzar [sic], will be responsible for the judgment or settlement in this matter.  (Opposition at 6.)

Because the Court finds that Plaintiff has facially legitimate claims against Salazar that arise out of the same circumstances and events as her claims against Wal-Mart, if the Court denies joinder, Plaintiff would have to pursue her claims in two essentially identical lawsuits in two different forums – the Wal-Mart claims in federal court and the Salazar claims in state court. But, as noted above, the state court claims against Salazar would be barred by the statute of limitations, which lapsed on November 2, 2017.  Therefore, denial of joinder would force Plaintiff to abandon viable claims against Salazar.

Consequently, this factor too weighs in favor of granting Plaintiff's Motion.

### 2.  Motion to Remand

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  In the Notice of Removal, Wal-Mart asserted that the amount in controversy exceeded $75,000 and the parties were diverse, i.e., Plaintiff is a California citizen and Wal-

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-2553-KS                                                            Date: June 21, 2018

Title      _Erica Gamboa v. Wal-Mart Stores, Inc., et al._

Mart, as a corporate defendant, is a citizen of both Delaware (where it is incorporated) and Arkansas (where it has its principal place of business).

However, with the joinder of Salazar as a defendant, there is no longer complete diversity between the parties — both Plaintiff and Salazar are citizens of California.  Thus subject matter jurisdiction no longer exists on the basis of diversity under § 1332(a).

Therefore, the Court GRANTS Plaintiff's motion to remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); and § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or *permit joinder and remand that action to the State court*.") (emphasis added).

## V.    CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint and **GRANTS** Plaintiffs motion for an order remanding this action to the California State court.  All further dates in this action are vacated.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rhw |